IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| VINCENT CANNADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-5054-CV-SW-ODS |
| ) | |
| FIRST COMP, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART MOTION
TO DISMISS AND (2) DENYING MOTION TO STRIKE

Pending is Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. # 16). For the following reasons, Defendant's Motion is granted in part and denied in part. Also pending is Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. # 55). Plaintiff's Motion to Strike is merely additional argument that Defendant's Motion to Dismiss has no merit. As such, it is a sur-reply that Plaintiff did not obtain permission to file; Plaintiff's Motion is denied.

I. BACKGROUND

Plaintiff files this action *pro se.* Plaintiff's Amended Complaint (Doc. # 14) alleges that Defendant discriminated against Plaintiff on the basis of his race, disability, and age when it refused to hire him in September 2006. (Am. Compl. ¶ 4). Plaintiff's Amended Complaint asserts violations of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986; the Americans with Disabilities Act ("ADA"); and the Age Discrimination in Employment Act ("ADEA"). (Am. Compl. ¶ 1).

Plaintiff is a black male residing in El Dorado Springs, Missouri. (Am. Compl. ¶

2).  Defendant is a private employer located in Omaha, Nebraska.  (Am. Compl. ¶ 3).
Plaintiff was recruited for a position with Defendant through the recruiting firm World
Bridge Partners by a recruiter named Greg Jackson.  (Am. Compl. ¶ 4).  Plaintiff alleges
that "Defendant hounded Plaintiff for two weeks to take the job," that "Defendant
pursued the Plaintiff even while he was on his vacation, which he cut short in order to
appease the Defendant[']s demand for a face to face interview."  Id.

Plaintiff was involved in a car accident while traveling to his first scheduled
interview with Defendant.  Id.  Plaintiff alleges that during the rescheduled interview,
"Defendant knew that the Plaintiff was disabled because they had to push his
wheelchair around the office."  Id.  He also states that the Defendant knew he was over
the age of 40.  Id.  Plaintiff alleges that he did not see any black people working at
Defendant's facility.  Id.  He claims he saw many Indian contractors and was told by the
Director of IT that "they were there since they were disposable."  Id.  He also states that
an employee of Defendant named Phil stated to him: "do not try to make me like you.  I
will not no matter what you do or say."  Id.

Plaintiff alleges that he was "eminently suitable for the position so much so that
his interviewer stated there were no Technical questions that he could ask me that the
Plaintiff did not know; since he had only just learned the tool the Plaintiff had Mastered
for 11 plus years."  Id.  Plaintiff was not offered the job.  Plaintiff alleges that he was told
the reason that he did not receive the job was that he "was Arrogant and Lacked
Humility."  Id.  He further alleges that this reason was given "to cover for the fact that the
real reason for not hiring the Plaintiff was in fact the Plaintiff[']s Color, Age, Disability,
and or Race."  Id.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure
requires "a short and plain statement of the claim showing that the pleader is entitled to
relief."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R.
Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotation marks and citations omitted). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

## III. DISCUSSION

A. Race Discrimination

*i. Title VII*

Defendant argues that in order to properly plead a prima facie case of employment discrimination based on race, in a failure-to-hire context, Plaintiff must state that "(i) he belongs to a racial minority; (ii) he applied and was qualified for a job for which the employer was seeking applicants; (iii) despite his qualifications, he was rejected; and (iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant argues that because Plaintiff has failed to plead that the position remained open and that the Defendant continued to seek applicants, his claim must be dismissed. The Court disagrees.

In Swierkiewicz v. Sorema N.A., the Supreme Court stated that "the prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (2002). Under Federal Rule of Civil Procedure 8(a)(2), the complaint must only contain "a short and plain statement of the claim showing that

3

the pleader is entitled to relief."  So long as the Amended Complaint has given the Defendant "fair notice of what the [P]laintiff's claim is and the grounds upon which it rests," Defendant's Motion to Dismiss must be denied.  Swierkiewicz, 534 U.S. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Here, Plaintiff has pled that he was highly qualified for the position, that he was vigorously recruited by Defendant, and that he was not offered the job because of his race.  The Amended Complaint was sufficient to give Defendant fair notice of Plaintiff's claim and the grounds upon which it rests.

Defendant next contends that even if Plaintiff has pled the requisite elements, his claim must still be dismissed because he has alleged no facts that support his claim.  At this stage of the proceedings, however, Plaintiff is not required to plead specific facts.  See Erickson v. Pardus,127 S.Ct. 2197, 2200 (citing Twombly, 127 S.Ct. at 1964).  The Supreme Court in Erickson reemphasized Rule 8(a)'s liberal pleading standard, and further maintained that a complaint filed *pro se* is be held to "less stringent standards than formal pleadings drafted by lawyers."  Id.  Plaintiff's Amended Complaint has sufficiently alleged a claim of race discrimination under Title VII.  Defendant's Motion to Dismiss this claim is DENIED.

*ii. 42 U.S.C. §§ 1983, 1985, and 1986.*

"Only state actors can be held liable under § 1983."  Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001).  A private party who willfully engages in joint activity with a state or its agents is considered a state actor.  Id.  Under § 1985, a plaintiff must allege a conspiracy to interfere with civil rights.  Coleman v. Garber, 800 F.2d 188 (8th Cir. 1986).  Further, if there is no valid claim under § 1985, there is no valid claim under § 1986.  Id. at 191.

Defendant is a private company.  Plaintiff's Amended Complaint provides only a bare citation to these statutes without providing any allegations of their violation.  Plaintiff's Suggestions in Opposition states that the Nebraska Equal Opportunity Commission ("NEOC") delayed investigating Plaintiff's case for seven months.  He also alleges that the NEOC told him that "they were there to make sure that the Company was properly represented in the process" and that a representative told him that "even if

4

the Plaintiff filed the case she had to be on the Defendant[']s side of the argument."
Opp'n at 10-11. Even if Plaintiff's allegations are true, and even if they suggest
improper conduct by the NEOC, they do not suggest there was any agreement between
Defendant and the NEOC to interfere with Plaintiff's civil rights. Therefore, Plaintiff has
not alleged joint activity for purposes of § 1983 or a conspiracy for purposes of § 1985.
Defendant's Motion to Dismiss Plaintiff's claims under these statutes is GRANTED.

B. Disability Discrimination

Defendant asserts that Plaintiff has not stated a claim for disability discrimination because he did not allege that he is disabled within the meaning of the ADA. Specifically, Defendant states that Plaintiff has not identified any major life activities that have been substantially limited, or provided any record of an alleged impairment.[1] To prevail on his claim of disability discrimination, Plaintiff will certainly have to prove, as one element of his claim, that he was disabled within the meaning of the ADA. However, to merely state a claim, Plaintiff need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Twombly, 127 S.Ct. at 1964). Plaintiff's Amended Complaint states that he was highly qualified for the position, that he was vigorously recruited by Defendant, that he appeared at the interview in a wheelchair, that Defendant knew he was disabled because employees of Defendant had to push his wheelchair around the office, and that the real reason he was not hired was because he was disabled. Given that the Court must construe Plaintiff's *pro se* Amended Complaint liberally, Plaintiff has given Defendant fair notice of what his claim is and what he bases it on. Defendant's Motion to Dismiss Plaintiff's disability discrimination claim is DENIED.

---

[1] Plaintiff's Amended Suggestions in Opposition addresses Defendant's argument by attaching exhibits that attempt to prove Plaintiff's disability. The Court does not consider these attachments in considering whether Plaintiff's claim survives Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

5

C. Age Discrimination

     Defendant states that Plaintiff's age discrimination claim is time-barred because he did not file an administrative charge of discrimination with the EEOC within 300 days of the act of alleged discrimination. Plaintiff agrees that his age discrimination claim is time-barred for this reason. Defendant's Motion to Dismiss Plaintiff's claim of age discrimination is therefore GRANTED.

## IV. CONCLUSION

     For the forgoing reasons, Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff's Motion to Strike Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: April 25, 2008                        UNITED STATES DISTRICT COURT

6

Case 3:07-cv-05054-ODS   Document 61   Filed 04/25/08   Page 6 of 6