IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| VINCENT CANNADY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-5054-CV-SW-ODS |
| | ) | |
| FIRSTCOMP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION AND PRECLUDE TESTIMONY OF PLAINTIFF'S EXPERT

Pending is Defendant's Motion to Strike Plaintiff's Expert Designation and Preclude the Testimony of Plaintiff's Expert (Doc. # 104). For the following reasons, Defendant's Motion is granted.

On June 23, 2008, Plaintiff designated Larry Delano Coleman as his "Legal Expert in the field of Civil Rights and ADA." However, Plaintiff did not comply with this Court's Scheduling and Trial Order and Federal Rule of Civil Procedure 26(a). He failed to provide an affidavit or other written report from Mr. Coleman containing "a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, [and] any exhibits to be used as a summary of or support of the opinions." Plaintiff also did not identify Mr. Coleman's compensation or a listing of the cases in which he may have previously testified as an expert. See Doc. # 48, ¶ 6. It would be unfair to expect Defendant to examine Mr. Coleman at trial without having been provided with the required information.

Additionally, it appears Mr. Coleman's testimony would not be admissible under Federal Rule of Evidence 702 because it will not "assist the trier of fact to understand the evidence or to determine a fact in issue." Plaintiff states that "as an Attorney [Mr. Coleman] can quote Law as to how the Plaintiffs rights were violated by the Defendant." However, it is the Court's responsibility to provide the jury with the law in its instructions,

and it will up to the jury to apply the facts of this case to the law in deciding whether Plaintiff's rights were violated. See Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (expert testimony inadmissible as a legal conclusion of the relevant law rather than a fact-based opinion helpful to the jury). Additionally, Plaintiff states that Mr. Coleman is "also Black and therefore able to testify as to the affects that Racism has on the Plaintiff." However, Plaintiff has not suggested Mr. Coleman is an expert on the effects of racism. Plaintiff can tell the jury how Defendant's alleged conduct has affected him. Finally, Mr. Coleman will not be permitted to question Plaintiff during his testimony unless Mr. Coleman enters his appearance as Plaintiff's attorney of record. For these reasons, Defendant's Motion to Strike Plaintiff's Expert Designation and Preclude the Testimony of Plaintiff's Expert is granted.

IT IS SO ORDERED.

DATE: March 17, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2